UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Security Bank & Trust Company, | Case No. 21-cv-2572 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Cook Inc. and Cook Medical LLC, | |
| Defendants. | |

This matter is before the Court on Plaintiff Security Bank & Trust Company's Motion to Amend Complaint (Dkt. No. 166). At the motion hearing on April 24, 2023, the Court denied Plaintiff's request to add a claim under Indiana Code § 32-36-1-8, granted Plaintiff's requests to seek injunctive relief and punitive damages under Minnesota Statute 549.20, and took under advisement Plaintiff's request to add dismissed Defendants Cook Group, Inc., Cook Medical Technologies LLC, and Cook Medical Holdings LLC ("Dismissed Cook Entities") back into the case. The scope of this Order is limited to that request. For the reasons set forth below, the Court grants leave to add the Dismissed Cook Entities. Plaintiff must file its amended complaint within seven days.[1]

The background of this case has been set forth in previous orders (Dkt. Nos. 72, 210) and need not be repeated here. As to the particular dispute at hand, Plaintiff's

---

[1] Defendants did not oppose Plaintiff's proposed amendments "meant to clarify Plaintiff's allegations and conform to the evidence . . . that has been received in discovery." (*See* Pl's' Mem. Supp. Mot. Am. Compl. at 4, Dkt. No. 169.) The Court therefore directs that the amended complaint include these amendments, as well as the requests for injunctive relief and punitive damages.

Complaint originally named five entities as Defendants: Cook Group, Inc.; Cook Inc.; Cook Medical Technologies LLC; Cook Medical LLC; and Cook Medical Holdings LLC.[2] (Compl. at 1, Dkt. No. 1.) On March 31, 2022, the parties stipulated to dismiss without prejudice the Dismissed Cook Entities. (Jt. Stip. Dismiss at 1, Dkt. No. 29.) The parties also stipulated to (1) an extension of the deadline for motions to add parties, (2) "toll any statute of limitations applicable to the Dismissed Cook Entities" until the case is dismissed, (3) "reasonable discovery regarding the relationships between the Dismissed Cook Entities and the remaining Defendants," and (4) the availability of discovery in the possession, custody, or control of the Dismissed Cook Entities. (*Id.* at 1–2.) The Dismissed Cook Entities were dismissed without prejudice pursuant to the stipulation on April 5, 2022. (Order, Dkt. No. 33.)

Plaintiff explains that the parties stipulated to the dismissal of the Dismissed Cook Entities based on Defendants' counsel's representations that the Dismissed Cook Entities had nothing to do with Defendants' contractual relationship with Dr. Amplatz and that personal jurisdiction over the Dismissed Cook Entities was lacking. (Pl.'s Mem. Supp. Mot. Am. Compl. at 3, Dkt. No. 169.) As Plaintiff puts it, "Rather than engage in unnecessary motion practice and jurisdictional discovery, Plaintiff agreed to a stipulation whereby three Cook entities were dismissed without prejudice . . . ." (*Id.*)

In opposing Plaintiff's request to add the Dismissed Cook Entities back into the case, Defendants maintain that personal jurisdiction is still lacking (Defs.' Mem. Supp.

---

[2] According to the caption of the original Complaint and the proposed amended complaint, of the five Cook entities, only Cook Group, Inc. has a comma in its name.

2

Mot. Am. Compl. at 5 n.1, Dkt. No. 208), though they do not expressly resist the motion for that reason. Rather, Defendants oppose the request to add the Dismissed Cook Entities as defendants solely on the basis of undue delay and prejudice. (*Id.* at 4–8.)

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The right to amend is not absolute, however, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008), and "the granting of such a motion is left to the discretion of the district court," *Kaufmann v. Sheehan*, 707 F.2d 355, 357 (8th Cir. 1983). Leave to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citing *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)).

"Delay alone is insufficient justification for denying a motion to amend; prejudice to the nonmovant must also be shown." *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998). The question is whether the Court is confronted with *mere* delay, which would be no bar to granting leave to amend, or with *undue* delay, which might be a bar, depending on the circumstances. "Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Id.*

The Court finds here that Plaintiff did not delay bringing the motion to add the Dismissed Cook Entities back into the case. Plaintiff contends it learned the details of "Cook's complex corporate structure" on March 22, 2023, during the deposition of

3

Defendants' corporate designee, who, incidentally, was a member of the legal department of Cook Group, Inc. (Pl.'s Mem. Supp. Mot. Am. Compl. at 5, 9.) The witness testified "about Cook's complex corporate structure through which Cook Group[,] Inc.; Cook Medical Technologies LLC, and Cook Medical Holdings LLC, are also involved, directly or indirectly, in certain aspects of the continued production[,] manufacturing, marketing, distribution and sale of the Amplatz Portfolio of Products covered by the 1983 and 1995 Royalty Contracts." (*Id.* at 9.) Those details founded the basis for the proposed new allegations that:

- Cook Medical Technologies LLC is "a wholly-owned subsidiary or strategic business unit of Defendant Cook Group, Inc."; "does business in the State of Minnesota, including Ramsey County"; "is the assignee and successor in interest to the Royalty Contracts which give rise to this action and participates with its related Cook entities in connection with the manufacture, marketing, distribution, and sale of Amplatz products and/or use [of] the Amplatz name for the promotion, marketing, distribution and sale of such products" in the United States, including Minnesota"; and "was engaged, directly or indirectly, in business in Minnesota, conducted substantial business activities in Minnesota, and derived substantial revenue from business within the State of Minnesota";

- Cook Medical Holdings LLC is "a wholly-owned subsidiary or strategic business unit of Defendant Cook Group, Inc."; "controls and operates the Cook entities," which turn out to be the two current Defendants; and is "responsible for the manufacture, marketing, distribution[,] and sale of the products covered by the Royalty Contracts that give rise to this action"; and

- Cook Group, Inc. "is the parent and umbrella organization in control of all the Cook subsidiaries, strategic business units, and divisions that conducted business with Dr. Amplatz under the Royalty Contracts that are the subject of the litigation."

(Redlined Proposed Am. Compl. ¶¶ 3–5, Dkt. No 170-1.)

Defendants counter that they offered Plaintiff an early opportunity to depose a Cook executive on Cook's corporate structure, but Plaintiff declined. (Defs.' Mem. Opp'n Mot.

4

Am. Compl. at 2, 4.) The exhibit Defendants cite is their Rule 26(a)(1) disclosure, which simply names Will Lehman as an individual likely to have discoverable information in the form of "knowledge of Cook's corporate structure." (*Id.* at 4 (citing Ronaldson Decl. Ex. C, Dkt. No. 209-3).) The Court does not agree that identifying an individual on a Rule 26(a)(1) disclosure is tantamount to offering an early, limited deposition. Consequently, the Court finds that Plaintiff did not delay in seeking leave to add the Dismissed Cook Entities as parties; rather, Plaintiff sought leave to amend within days of the deposition of Defendants' corporate designee.

Proceeding to prejudice, Defendants argue that adding the Dismissed Cook Entities at this point in the case will be prejudicial because the Dismissed Cook Entities will have no opportunity to conduct discovery. However, as Plaintiff points out, the Dismissed Cook Entities were original parties to the suit and were represented by the same counsel as Defendants. Further, the Dismissed Cook Entities will receive all of the discovery produced by the existing parties.

Defendants do not identify any *particular* additional discovery the Dismissed Cook Entities would need or be entitled to. Defendants argue broadly that they will be deprived "of any opportunity to determine the factual basis for Plaintiff's separate theories of liability as to each of the New Defendants." (Defs.' Mem. Opp'n Mot. Am. Compl. at 7.) This argument is not persuasive. Defendants have knowledge of the corporate structure of the Cook entities, and Plaintiff has identified the source of its factual basis for seeking to add the Dismissed Cook Entities back into the case: the March 22 deposition of Defendants' corporate designee.

Finally, the Court must balance any prejudice to Defendants if the Dismissed Cook Entities are added as parties against the prejudice to Plaintiff if the Court denies leave to amend. Not allowing Plaintiff to add the Dismissed Cook Entities as parties could prejudice Plaintiff if, as Plaintiff alleges, Cook Group, Inc. controlled the alleged breaches of the royalty agreements and the use of and profit from the Amplatz name, and Cook Medical Technologies LLC and Cook Medical Holdings LLC were involved directly or indirectly in the production, manufacturing, marketing, distribution, and sale of the Amplatz products covered by the royalty agreements. On balance, the Court finds that leave to add the Dismissed Cook Entities as parties to the case should not be denied on prejudice grounds.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Security Bank & Trust Company's Motion to Amend Complaint (Dkt. No. 166) is **GRANTED** as to its request to add dismissed Defendants Cook Group, Inc., Cook Medical Technologies LLC, and Cook Medical Holdings LLC as parties to the case. Plaintiff must file its amended complaint within seven days.

Date: May 5, 2023                    *s/ John F. Docherty*
                                     JOHN F. DOCHERTY
                                     United States Magistrate Judge