UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Security Bank & Trust Company, | Case No. 21-cv-2572 (PJS/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| Cook Inc. and Cook Medical LLC, | |
| Defendants. | |

This matter is before the Court on Plaintiff Security Bank & Trust Company's Second Motion to Compel (Dkt. No. 188). At the hearing on the motion, the Court (1) denied Plaintiff's request for Defendants Cook Inc. and Cook Medical LLC to de-designate confidentiality labels and (2) granted Plaintiff's request for sales data sheets. (*See* Ct. Mins. at 2, Apr. 24, 2023, Dkt. No. 214.) The Court took under advisement (3) whether to overrule Defendants' claimed privilege for internal communications relating to Defendants' decisions to continue paying royalties through mid-2019 and to cease royalty payments in March 2020 and (4) whether to order Defendants' personnel to appear for supplemental depositions to testify about those royalty-payment decisions and about documents produced at the end of the discovery period. (*Id.*) The scope of this Order is limited to the latter two issues.

The background of this case has been set forth in previous orders (Dkt. Nos. 72, 210) and need not be repeated here.

The Court denies Plaintiff's motion to overrule Defendants' claim of privilege for internal communications relating to the decisions to continue paying royalties through mid-2019 and to cease royalty payments in March 2020. The Court has already ruled on this issue in the context of document production (Order at 2–12, Apr. 20, 2023, Dkt. No. 210), and Plaintiff acknowledges the current motion is somewhat of a renewed request (Fox Decl. ¶ 4.C, Dkt. No. 192). The only new circumstances presented in the motion now before the Court are recent depositions in which deponents invoked the attorney-client privilege when asked about Defendants' decisions to continue paying or to cease paying royalties. Plaintiff does not make any new arguments, however, and the Court finds no basis to reconsider its previous ruling. In addition, to the extent that Plaintiff is asking for a blanket ruling that all communications relating to Defendants' decisions to continue or to cease royalty payments are not privileged, such a ruling would be overbroad.

Plaintiff's counsel argued at the motion hearing that "the content of legal advice from counsel might be privileged," but that factual communications between non-lawyers were not privileged. (Hr'g Tr. at 87, Dkt. No. 219.) The second component of that argument is not entirely accurate, as the Court explained in its April 20 Order.

> Internal communications between employees that reflect confidential communications with an attorney for the purpose of giving or obtaining legal advice may be privileged. *See Wells Fargo & Co. v. United States*, No. 09-cv-2764 (PJS/TNL), 2014 WL 2855417, at *6 & n.8 (D. Minn. June 16, 2014) (citing *United States v. ChevronTexaco Corp.*, 241 F. Supp. 2d 1065 (N.D. Cal 2002)). The mere fact that the emails were between non-lawyers does not entitle Plaintiff to the emails, and this aspect of the motion to compel is denied.

(Order at 9.) Plaintiff has not explained why these principles should not apply to depositions, nor has Plaintiff shown that the prospective deposition testimony would not have contained confidential communications to or from an attorney made for the purpose of giving or obtaining legal advice. Consequently, Plaintiff's request that the Court overrule Cook's privilege claims is denied.

Plaintiff's request for supplemental depositions of Defendants' personnel is also denied for the following three reasons. First, fact discovery is closed, and Plaintiff has not moved to extend the fact discovery deadline. Second, Plaintiff has not described a specific need for additional deposition testimony or any prejudice that will result if the depositions are not reopened. Third, Plaintiff has not identified the individuals whom Plaintiff would like to re-depose.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Security Bank & Trust Company's Second Motion to Compel (Dkt. No. 188) is **DENIED** as to its request for the Court to overrule Defendants' privilege claims and its request for Defendants' personnel to appear for supplemental depositions.

Date: May 16, 2023

*s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge